Pedro Ferrer León, Appellant, v. Registrar of Property of Guayama, Respondent.

No. 876.  Submitted December 12, 1932.—Decided December 20, 1932.

*F. Navarro Ortiz* for appellant.  The registrar appeared by brief.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Pedro Ferrer León acquired at public sale an urban property which was awarded to him in payment of a mortgage credit amounting to $4,000 of principal, interest, and additional charges provided for costs and expenses.  When the foreclosure action was commenced, it appeared from the registry of property that Abelardo García Méndez had recorded a second mortgage for $2,756.52.  In the foreclosure action demand for payment was made by the marshal of the District Court of Guayama on the debtors, the spouses Juan Vechini and Clotilde Ortiz Gutiérrez.  The junior creditor, Abelardo García Méndez, was notified at his office in the Cayey City Hall, by Fernando Llera Freyre with a copy of the whole record.  Mr. Llera Freyre made before Notary Miguel Guzmán Texidor, who attests knowing him personally, the following affidavit:

"I, Fernando Llera Freyre, under oath depose and say: that I am of age, married, an industrialist, and a resident of Cayey, Puerto Rico; that I am not a party to nor have any interest in this case; that I received this notification for the person to whom it is addressed together with a true and exact copy of the same on August 8, 1928, and on the same date I served Mr. Abelardo García Méndez at Cayey by delivering to him at the City Hall the true and exact copy of the notification and apprising him of the contents thereof; he admitted the service."

Upon presentation in the registry of property of the marshal's deed, and of a writ issued by the clerk of the District Court of Guayama in which that court ordered the cancellation of the junior mortgage lien, the registrar refused to cancel the same and recorded the deed subject to the second mortgage of Abelardo García Méndez.

The decision appealed from reads as follows:

"The cancellation of the mortgage as ordered by this document is denied, and a cautionary notice for the term provided by law is entered instead at folio 187 of volume 57 of Cayey, parcel no. 2367 duplicate, note A. The reason for this denial is that the notice of the writ demanding payment was served on the junior mortgage creditor, Abelardo García Méndez, extra-judicially as appears from the deed of judicial sale executed in said case, and not by an executive officer of the court as required under article 171 of the Mortgage Law Regulations, and the doctrine established in the case of *Pontón* v. *Heirs of Huertas González*, 42 P.R.R. 511."

The appellant maintains that the registrar erred in refusing to record the cancellation ordered by the District Court of Guayama and in recording the foreclosure sale in favor of appellant subject to the second mortgage lien.

It is well to make clear that Mr. Ferrer León in this appeal makes reference only to the refusal to effect the cancellation, and it does not appear that he has appealed from the decision recording the marshal's deed subject to the second mortgage lien. We call attention to this fact only as a matter of procedure, inasmuch as the rights of the appellant are not affected by this fact, for, as is stated by the registrar, as long as the mortgage is not canceled the same must be noted

in the deed, subject to be canceled by another note when the mortgage may be subsequently canceled.

The registrar says that the service on the subsequent mortgage creditor was made extra-judicially, and he adds that the writ was not served in accordance with the provisions of article 171 of the Mortgage Law Regulations.

In addition to the case of *Pontón* v. *Heirs of Huertas González, supra,* the respondent cites in his brief the case of *González* v. *Registrar,* 39 P.R.R. 753.

Section 171 of the Mortgage Law, in its fifth and last paragraph, reads as follows:

"When the certificates of the registrar of property show the addresses of the persons interested in the liabilities which may have been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned if found there."

This section prescribes that notice of the formal demand for payment be served under a judicial mandate, and it is argued that in order that such service may be deemed made, it is necessary that the writ itself be served, that is, an authentic copy thereof issued by the clerk of the district court. We do not believe that the provisions of the Mortgage Law require such a drastic interpretation with respect to the notice to subsequent lienors. The notification must not be confused with the judicial demand. The only purpose of the notification is to advise the subsequent creditor of the proceedings, so that he may protect his rights. The writ demanding payment has one objective: payment by the debtor, and failing this, payment through the public sale of the property. The demand for payment is a writ by which the debtor is admonished to make payment, advising him that should he fail to do so, the creditor will satisfy his credit through the judicial sale of the mortgaged property. The cases of *González Martínez* v. *The Registrar, supra,* and *Pontón* v. *Heirs of Huertas González*

*supra,* dealt with the demand for payment made on the debtor, and this Court held that such demand must be made by the authorized officers of the court. This is not the case when a subsequent creditor is notified. The law requires that such notification be attempted, and there is no doubt that subsequent creditors have a right to this protection; but the fact that the notice was served by a private party and not by the marshal, and that copies of the writ not authenticated by the clerk of the court were used, does not warrant the registrar's refusal to effect the cancellation ordered by the court. What is directed to the subsequent creditors is not a summons nor a demand for payment; it is simply a notice of the proceedings filed. It would be preferable if, in these cases of summary foreclosure, the notice were to be served by a duly authorized court officer, but the requirements of the law are met when, as in the present case, the subsequent creditor has been notified and sufficiently informed with respect to the proceedings. It is provided in the second paragraph of article 172 of the Mortgage Law Regulations that the public notice shall also serve to notify the creditors who may hold interests in the property recorded subsequently to the claim of the execution creditor, and upon whom the notice prescribed by the last paragraph of article 171 may not have been served, and it shall be necessary that the names of such interested persons be stated as they appear in the certificate of the registrar in order that they may attend the sale if they so desire. In this case Abelardo García Méndez was personally served with notice, and in addition, proper notices (*edictos*) were published. The purposes of the law were fulfilled. Mr. García Méndez, amply informed with respect to all the proceedings, could have paid the debt and subrogated himself to the rights of the first mortgage creditor, and could have exercised any of said rights. He also was given the opportunity of attending the sale and there protecting his interests if he so desired.

The ruling appealed from must be reversed.